THE STATE OF KANSAS, *Appellee*, v. A. M. SIMONS,
*Appellant.*

No. 18,596.

SYLLABUS BY THE COURT.

1. POLL TAX—*General Road Law Applicable to Cities—No Ordinance Required.* The passage of an ordinance under the permissive authority given to cities of the second and third classes by the general road law (Laws 1911, ch. 248) to carry out the provisions of the act relative to poll taxes is not a condition upon which liability for the tax depends.

2. ——— *Same.* In the absence of such an ordinance a resident of a city liable for the tax may be prosecuted in a justice's court for failure to make payment after due notice.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion filed November 8, 1913. Affirmed.

*J. I. Sheppard, James G. Sheppard, Kate Sheppard,* all of Fort Scott, *O. T. Boaz,* and *L. W. Johnson,* both of Pittsburg, for the appellant.

*John S. Dawson,* attorney-general, and *A. B. Keller,* county attorney, for the appellee.

The opinion of the court was delivered by

BENSON, J.: The question upon this appeal is whether a resident of a city of the second class is liable to prosecution in a justice's court for failure to pay a poll tax under the provisions of chapter 248 of the Laws of 1911.

The statute referred to is a general road law. Section 15 makes each city of the second and third class a road district, authorizes the appointment of a street commissioner to perform the duties in the city prescribed in the act for the trustee in a township, empowers the city to use the road tax in paving, macadamizing or grading streets, and gives authority to pass ordinances to carry out the provisions of the act. The

act declares that all male persons between twenty-one and fifty years of age who have resided thirty days in the state and who are not a public charge shall be liable to pay each year the sum of three dollars to the township trustee or to the proper officer of the city, to be expended on the public roads of the township or city in which such person lives. Any city having a volunteer fire department may exempt the members of such department from paying the tax. It is made the duty of the township trustee or proper officer of the city to give notice to persons liable for the tax, and it is declared that any person so liable who fails to make payment within thirty days after notice shall be deemed guilty of a misdemeanor and fined five dollars.

The defendant is a resident of Girard, a city of the second class. The city has not passed an ordinance to carry out the provisions of the statute referred to. The defendant is in the class of persons designated by the statute as liable for the tax. He was duly notified by the street commissioner, and failed to pay within the time allowed. His contention is that he is not liable for the tax, because the city has passed no ordinance on the subject, and that the state has no authority to prosecute him for failure to pay it.

The tax is imposed by the statute. The authority of cities to pass ordinances to carry out the provisions of the statute is permissive. Under such ordinances regulations may be made for the application of the taxes to street improvements within the limitations prescribed by the law, and for exemptions therein authorized. Possibly other regulations may be made consistent with the statute. But the adoption of such an ordinance is not a condition of liability for the tax, the collection of which is a part of the general scheme for highway improvement in the cities referred to, as well as the townships of the state.

Having failed to pay the tax after due notice, the defendant was liable to prosecution in the name of the state in a justice's court in the absence of a city ordinance relating to the subject.

The judgment is affirmed.